Mark W. Steirer
Texas State Bar No. 19139600
10330 White Rock Place
Dallas, Texas 75238
214-402-8073
marksteirer@sbcglobal.net
ATTORNEY FOR IPFS CORPORATION

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 20-41939** |
| **STANLEY WAYNE WHISENANT,** | § | **(Chapter 7)** |
| | § | |
| Debtor. | § | |

**MOTION OF IPFS CORPORATION FOR RELIEF FROM THE STAY
TO CANCEL INSURANCE POLICY AND COLLECT UNEARNED INSURANCE
PREMIUMS AND FOR ADEQUATE PROTECTION**

**<u>14-DAY NEGATIVE NOTICE – LBR 4001(a):</u>**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading <u>*WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE*</u> shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

_____

**MOTION OF IPFS FOR RELIEF FROM THE STAY TO CANCEL INSURANCE POLICY AND
COLLECT UNEARNED INSURANCE PREMIUMS AND FOR ADEQUATE PROTECTION - Page 1**

Pursuant to 11 U.S.C. §§ 361, 362(d), and 363(c)(2), IPFS Corporation ("IPFS") files this Motion for Relief from the Stay and for Adequate Protection (this "Motion") seeking authority to permit IPFS to exercise any and all rights it has under a Premium Finance Agreement between IPFS as lender and the Debtor as insured/borrower, which was signed by or on behalf of the Debtor on or about September 9, 2020 (the "PFA"), to secure financing for a professional liability insurance policy. In support thereof, IPFS would respectfully show this Court the following:

### I. Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 361, 362, 363, and 105. This is a core proceeding.

### II. Basics of Premium Financing

2. IPFS is in the business of financing insurance policies. IPFS and other such lenders finance such policies by paying the premiums for the full term of such policies up front and requiring the insured/borrower to pay the lender back in monthly installments. Because premiums are earned each day a policy remains in effect, there will be unearned premiums to be refunded if a policy is canceled before the expiration of its term. Premium financiers like IPFS take a security interest in amounts payable under such policies, including any unearned premiums; are appointed attorney-in-fact with the power to cancel the financed policies; and are granted the right to cancel the insurance and apply all unearned premiums to the debt if the insured/borrower fails to make the monthly payments to the lender, subject to applicable state law. Chapter 651 of the Texas Insurance Code governs the financing of insurance premiums in Texas, and IPFS drafts its premium financing agreements to comply with applicable provisions of Texas law, including the notice provisions of TEX. INS. CODE § 651.161.

**MOTION OF IPFS FOR RELIEF FROM THE STAY TO CANCEL INSURANCE POLICY AND COLLECT UNEARNED INSURANCE PREMIUMS AND FOR ADEQUATE PROTECTION - Page 2**

### III. Factual Background

3. The Debtor executed the PFA so that IPFS would finance a professional liability insurance policy for the Debtor (the "Policy"). A true and correct copy of the PFA is attached hereto as Exhibit A.

4. By the terms of the PFA, IPFS was granted the right to cancel the Policy and collect all unearned premiums and apply them to the debt after a default by the Debtor. Section 13 of the PFA granted IPFS the right to recover its attorneys' fees incurred in collecting the amounts owed to it.

5. In a separate provision of the PFA, IPFS was granted, as security for the payments to be made by the Debtor, the right to receive all unearned premiums or other payments under the financed policy. Under Texas law, these security interests became enforceable when they were created, because transfers of interests in insurance policies are excluded from the scope of article 9 of the Texas UCC, and filing is not a requirement for perfection of a security interest in unearned insurance premiums under the Texas Insurance Code. Tex. Bus. & Com. Code Ann. § 9.109(d)(8); Tex. Ins. Code Ann. § 651.157; *see In re Watts*, 132 B.R. 31, 32 (Bankr. W.D. Mo. 1991), and *In re Cooper*, 104 B.R. 774, 775 (Bankr. S.D.W. Va. 1989).

6. Under the terms of the PFA, the Debtor was to pay IPFS back in nine monthly payments of $4,023.02 due on the 30th day of each month beginning on October 30, 2020, and ending on June 1, 2021. The Debtor has failed to make the $4,023.02 payment due on October 30, 2020. Accordingly, the Debtor is in default under the PFA.

## IV.  Relief Sought

7.  In view of the Debtor's default under the PFA, IPFS seeks relief from the automatic stay in order that IPFS may cancel the Policy as of the earliest possible date and receive and apply all unearned premiums under the Policy in reduction of the balance due under the PFA.

8.  Cause exists for granting IPFS relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) in that IPFS does not have and has not been provided with adequate protection of its interest in the Policy and the associated unearned premiums, which will continue to decline in value as long as the Policy remains in effect.  The value of the unearned premiums that serve as IPFS's collateral under the PFAs is decreasing by approximately $106.15 each day, because approximately $106.15 in premiums are earned each day that the financed Policy remains in effect.  While IPFS was oversecured as of the Petition Date, the passage of time and the earning of additional premiums after that date rendered IPFS undersecured on or about September 24, 2020, even without accounting for its attorney's fees.

9.  IPFS is further entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) because the Debtor has no equity in the Policy, and the value of the Policy is decreasing every day the Policy remains in effect.  Furthermore, IPFS's collateral is not necessary to an effective reorganization in this chapter 7 case.

10.  Alternatively, IPFS is entitled to adequate protection of its interest in the Policy. Such protection must include payments that at least equal the amount by which the value of IPFS's collateral is declining – approximately $106.15 each day.

11.  Moreover, because IPFS's payment of the insurance premiums out of its collateral is the payment of an actual, necessary cost of preserving the estate in the above-captioned bankruptcy

**MOTION OF IPFS FOR RELIEF FROM THE STAY TO CANCEL INSURANCE POLICY AND
COLLECT UNEARNED INSURANCE PREMIUMS AND FOR ADEQUATE PROTECTION - Page 4**

proceeding, the premiums earned under the Policy postpetition constitute an administrative expense in the above-captioned bankruptcy proceeding under 11 U.S.C. § 503(b)(1)(A).

12. IPFS further requests waiver of the fourteen (14)-day stay period otherwise imposed by Fed. R. Bankr. P. 4001(a)(3) because of the daily decline in the value of IPFS's cash collateral.

WHEREFORE, IPFS respectfully prays that this Court (1) lift, extinguish, modify, and annul the automatic stay to allow IPFS to cancel the Policy and collect the unearned premiums thereon or, alternatively, order the Debtor to make adequate protection payments to IPFS; (2) waive the 14-day stay under Fed. R. Bankr. P. 4001(a)(3), and (3) grant IPFS such other and further relief to which it shows itself justly entitled.

Respectfully submitted,

**LAW OFFICE OF MARK W. STEIRER**

By:      /s/ Mark W. Steirer
      Mark W. Steirer
      Texas State Bar No. 19139600

10330 White Rock Place
Dallas, Texas  75238
214-402-8073
marksteirer@sbcglobal.net

**ATTORNEY FOR IPFS CORPORATION**

**MOTION OF IPFS FOR RELIEF FROM THE STAY TO CANCEL INSURANCE POLICY AND COLLECT UNEARNED INSURANCE PREMIUMS AND FOR ADEQUATE PROTECTION - Page 5**

## CERTIFICATE OF CONFERENCE

Before filing the motion, I called the trustee's office on November 4 and spoke with the chapter 7 trustee, Mark Weisbart. I explained my client's situation and asked whether the trustee would be canceling the Policy or keeping it in place, and he said that it was premature to make such decisions when the 341 meeting has not yet been held, and he agreed that it made sense to go ahead and file this motion. I also called the Debtor's counsel on November 4, but did not reach him, and left a detailed message for him. He has not returned my call. Given the fact that the movant's collateral (insurance premiums) declines in value each day the policies remain in effect, and given the law regarding adequate protection), it is necessary to file the motion without further delay. .

/s/ Mark W. Steirer
Mark W. Steirer

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November 2019, a true and correct copy of the foregoing motion was served in accordance with LBR 9013(f)(1)(A) via ECF on the registered parties including the Debtor's counsel, the chapter 7 trustee, and the US Trustee, and the Debtor was served on the same date by first-class mail to his address listed on the docket.

/s/ Mark W. Steirer
Mark W. Steirer